Dear Representative Long:
You have requested an expedited opinion this date with regard to the filling of vacancies in the Town of Campti. You informed our office that the town officials have all resigned in accordance with a plea bargain. Specifically, you have requested an Attorney General's opinion as to the filling of vacancies for the Mayor and possibly the Aldermen, if necessary, in the Town of Campti.
According to the prosecutor in this matter, the Mayor pled guilty to a felony charge and the aldermen resigned effective May 31, 1994 and agreed to pay restitution, not run for re-election and refrain from performing any acts as public officials.
The Town of Campti operates under the Lawrason Act, R.S. 33:321
et seq., which is a Mayor and Board of Alderman form of government. The general provisions of law providing for the filling of vacancies in the offices of aldermen can be found in the Louisiana Election Code, R.S. 18:602. However, there are special provisions for the filling of a vacancy for an elected official who has been convicted of a felony.
A resignation becomes irrevocable three days after the day on which the secretary of state has transmitted the notice of the resignation to the appropriate authority required by law to make the appointment to fill the vacancy. R.S. 18:651 et seq. The Secretary of State's office transmitted notice of said resignations on June 2, 1994.
The filling of a vacancy created in the office of alderman in the Town of Campti, due to resignations of the present aldermen, is governed by LSA-R.S. 18:602. Section F of R.S. 18:602
provides:
 F. Whenever multiple vacancies in a local or municipal governing authority . . . reduce the membership of such governing authority or board below the number of total members required to constitute a quorum to conduct official business, the remaining members shall immediately inform the governor of the existence of the vacancies. Within ten days after he receives this notice, the governor shall make appointments to fill all the vacancies . . .
Due to the fact that the term of office for alderman in the Town of Campti expires on December 31, 1994, the call of a special election is not necessary in this matter.
In conclusion, it is our opinion that the governing authority in the Town of Campti shall inform the governor of the vacancies in office of the aldermen, so that the governor may proceed to fill the vacancies within ten days. The appointees shall serve for the remainder of the unexpired term.
With respect to the filling of the vacancy in the office of mayor, we refer to the provisions of LSA-R.S. 42:1411, which state:
 A. A public officer shall be removed from office for conviction, during his term of office, of a felony.
 B. The conviction for a felony of a public officer shall automatically suspend that individual from his public office without compensation. The suspension from public office without compensation shall continue until the conviction is final and all appellate review of the original trial court proceedings is exhausted. During the period of suspension, the public official shall not perform any official act, duty, or function nor shall he receive any compensation, pay, allowance, emolument, or privilege of his office . . .
 C. During this period of suspension, another person shall be appointed to perform the official acts, duties, and function of that office during the period of suspension. Any person appointed to perform these official acts, duties, and functions shall serve in his appointed capacity until the conviction of the public official is reversed on appeal or until expiration of the term of office of the suspended public official, whichever occurs first . . .
 D. No person appointed under the provisions of this Section shall be eligible in the next election as a candidate for the office to which he is appointed, except as provided in R.S. 18:602(E)(1).
 E. Except as provided in this Subsection, if any public official . . . is suspended under the provisions of this Section, the governor shall appoint another person to perform the official acts, duties, and function of that office during the period of suspension . . . If the public official is a member of a parish or municipal governing authority, or combination thereof, or a mayor or any other local or municipal office, except as provided in this Subsection, the governing authority of the local governmental subdivision where the vacancy occurs shall appoint a person to perform the official acts, duties, and functions of the person suspended. . . .
 F. Any person appointed to perform the official acts, duties, and functions of a public official suspended under the provisions of this Section shall have the same qualifications required by law to hold the office as the public official under suspension and he shall post any bond as may be required by law for that office.
* * *
LSA-R.S. 42:2 provides for a public officer to continue to discharge the duties of his office until his successor is inducted into office, unless impeached or suspended. In this case, the mayor was suspended from office due to his felony conviction and therefore, shall not continue to discharge the duties of his office.
It is the opinion of this office that R.S. 42:1411 requires the governing authority to fill the vacancy in the office of mayor. Due to the fact that all of the members of the governing authority resigned and their positions need to be filled by appointment, it is our opinion that after such appointments are made, the newly appointed governing authority shall make the appointment to fill the vacancy in the office of mayor. Any person appointed to this position must be qualified for the office and will be prohibited from qualifying for office at the upcoming July qualification date.
We hope that this opinion sufficiently addresses all of your concerns. If we can be of further assistance in this matter, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: ANGIE ROGERS LaPLACE Assistant Attorney General RPI/ARL/pb/0258s cc: Hon. Edwin W. Edwards